F. Jay Rahimi, Esq. (SBN: 305286)
jay@jrahimilaw.com
**THE LAW OFFICES OF F. JAY RAHIMI**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone:   (818) 835-4005
Facsimile:    (866) 543-4345

Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff,*
Samuel S. Liera

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL S. LIERA,<br><br>                    Plaintiff,<br>v.<br><br>SZABO ASSOCIATES, INC.,<br><br>                    Defendant. | **Case No.:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

///

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant Szabo Associates Inc.'s ("Szabo") violations of the (i) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 *et seq.* ("Rosenthal Act"); and (iii) California Civil Code § 1798.2 *et seq.*

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Plaintiff is a resident of Fullerton, Orange County, California.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant Szabo regularly operates within Orange County offering their services and/or reaching out to alleged debtors to collect on alleged debts.

11. Defendant Szabo Associates, Inc. ("Szabo") attempts to collect alleged debts against consumers in Orange County by sending letters, and making phone calls to Orange County residents.

12. Defendant Szabo was notified by Plaintiff that the alleged debts were the result of identity theft and not owed by Plaintiff.

13. Further, Defendant Szabo continues to attempt to collect these alleged debts not owed by Plaintiff from Plaintiff in Orange County.

14. At all times relevant, Defendant conducted business within Orange County, in the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Fullerton, State of California.

16. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h), as well as a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant Szabo is located in the City of Atlanta, in the State of Georgia, and regularly does business in California.

19. Defendant Szabo, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. Defendant Szabo regularly engages in debt collection in Orange County, California.

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

22. Unbeknownst to Plaintiff, sometime before September 2015, former US Bank employee Daniel Barrera, willfully obtained Plaintiff's personal identifying information, such as Plaintiff's name, social security number, and address, and used that information to fraudulently obtain a loan with National Funding, Inc., a San Diego lending company ("National Funding").

23. On September 23, 2015, Daniel Barrera, used DocuSign to execute a loan agreement with National Funding.

24. As a result of this identity theft, Plaintiff is alleged to have incurred certain financial obligations to National Funding for the loan.

25. These alleged financial obligations include National Funding Loan, Account Ending in 0801 (hereinafter, "National Funding Loan").

26. This alleged obligation was money, property, or its equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before May of 2016, Plaintiff allegedly fell behind in the payments allegedly owed on this alleged debt.

28. Sometime before May 12, 2016, the alleged National Funding Loan debt was assigned, placed, or otherwise transferred, to Defendant Szabo for collection.

29. National Funding instructed Defendant Szabo to take action necessary to collect on the alleged debt.

30. On or about May 12, 2016, Defendant Szabo contacted Plaintiff and told Plaintiff that he had failed to make payments on the National Funding Loan.

31. During this communication, Plaintiff told Defendant Szabo that the loan did not belong to him and Defendant Szabo recommended Plaintiff contact the police.

32. Defendant Szabo is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) because it is a person who used an instrumentality of interstate commerce in its business the principal purpose of which is the collection of any debts, and because Defendant Szabo regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

33. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

34. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

35. Defendant Szabo failed to provide the notice that is required by 15 U.S.C. § 1692g(a) during the May 12, 2016 phone call or within five days thereafter. Through this conduct, Defendant Szabo violated 15 U.S.C. § 1692g(a).

36. This was the first instance where Plaintiff became aware of this alleged National Funding Loan debt.

37. On or about May 27, 2016, at the instruction of Szabo's employee, Plaintiff filed a police report with the Fullerton Police Department alleging identity theft (the "Police Report").

38. Concerned about the fraudulent National Funding account, on or about August 29, 2016, attorney David Calderon, on behalf of Plaintiff, sent Defendant Szabo a letter via certified US Mail explaining that the National Funding Loan was fraudulent, that Defendant Szabo must cease all collections efforts, and to direct all further communication to David Calderon, Plaintiff's counsel. (the "August 29 Letter").

39. This August 29 Letter included a copy of the Police Report.

40. Despite the August 29 Letter, on or about November 5, 2016, Defendant Szabo contacted Plaintiff directly by telephone and left a message purporting to collect the alleged National Funding Loan debt.

41. This November 5, 2016, telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

42. Again, despite the August 29 Letter, Plaintiff received another call from Defendant Szabo on or about November 17, 2016 at 7:05 am.

43. Defendant Szabo made this November 17, 2016, telephone call to Plaintiff before 8:00 am.

44. Through this conduct Defendant Szabo violated 15 U.S.C. 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff

without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction.

45. This November 17, 2016, telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

46. Defendant Szabo called Plaintiff two more times on January 31, 2017.

47. These January 31, 2017, telephone calls were each a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

48. Defendant Szabo called Plaintiff again on February 6, 2017.

49. During this February 6, 2017 telephone call, Plaintiff told Defendant Szabo he was now being represented by attorney F. Jay Rahimi and gave Defendant Szabo Attorney Rahimi's contact information.

50. Defendant Szabo called Plaintiff again on February 7, 2017.

51. Defendant Szabo called Plaintiff again on February 9, 2017.

52. Through this conduct, Defendant Szabo initiated communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector, Defendant Szabo, had been previously notified in writing by Mr. Liera's attorney that Mr. Liera is represented by such attorney with respect to the consumer debt and such notice included the attorney's name and address. Consequently, Defendant Szabo violated Cal. Civ. Code § 1788.14(c).

53. Through this conduct, without the prior consent of the Plaintiff-consumer given directly to Defendant Szabo or the express permission of a court of competent jurisdiction, Defendant Szabo communicated with the consumer in connection with the collection of a debt when Defendant Szabo knew the consumer was represented by an attorney with respect to such debt and had

knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant Szabo violated 15 U.S.C. § 1692c(a)(2).

54. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**DEFENDANT SZABO'S VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT STATUTE, CAL. CIV. CODE 1798.92 *ET SEQ.***

55. Through Plaintiff's August 29, 2016 letter, Plaintiff provided written notice to Defendant Szabo that his personal information was used to obtain fraudulent accounts, and he provided Defendant Szabo with a copy of the Police Report pursuant to Cal. Civ. Code § 1798.93(c)(5).

56. Through Plaintiff's August 29, 2016 letter, Plaintiff provided written notice to Defendant Szabo at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the facts, as required by Cal. Civ. Code § 1798.93(b)(6)(A).

57. Thereafter, Defendant Szabo failed to diligently investigate Plaintiff's notification of possible identity theft, and continued to pursue its claim against Plaintiff after being presented with facts to demonstrate that the alleged debt was a result of identity theft, as defined by Cal. Penal Code § 530.5.

58. Defendant Szabo's continued illegal collection actions after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

59. Plaintiff suffered and continues to suffer damages as a result of each and every one of the aforementioned violations.

/ / /

/ / /

## CAUSES OF ACTION

### COUNT 1

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### AS TO DEFENDANT SZABO

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constituted multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### AGAINST DEFENDANT SZABO

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

65. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### COUNT III
### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97
### AGAINST DEFENDANT SZABO

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Plaintiff has proffered sufficient evidence to prove by a preponderance of evidence to establish that he was a victim of identity theft.

68. The foregoing acts and omissions constitute numerous and multiple violations of Cal. Civ. Code § 1798.92-1798.97.

69. As a result of each and every violation of Cal. Civ. Code § 1798.92-1798.97, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1), an injunction restraining Defendant from collecting on the Account Cal. Civ. Code § 1798.93(c)(3), actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5), a civil penalty, in addition to other damages, in the amount of $30,000 Cal. Civ. Code § 1798.93(c)(6).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## COUNT III

- A declaration that Plaintiff is not obligated to Defendant for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1);
- An injunction restraining Defendant from collecting or attempting to collect from Plaintiff on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Cal. Civ. Code § 1798.93(c)(3).
- Actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5); and
- A civil penalty, in addition to any damages, of up to thirty thousand dollars ($30,000) as Plaintiff has proffered sufficient evidence to establish by clear and convincing evidence that:
  1. Plaintiff provided Defendant written notice that a situation of identity theft existed and explained the basis for that belief.
  2. Defendant failed to diligently investigate the Plaintiff's notification of identity theft.
  3. Defendant continued to pursue their claim against Plaintiff after Defendant was presented with facts that were later held to entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93

///

## TRIAL BY JURY

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,  **THE LAW OFFICES OF F. JAY RAHIMI**

Date: February 9, 2017

By: s/ F. Jay Rahimi
F. Jay Rahimi, Esq.
Attorneys for Plaintiff